## TOM MURRY v. STATE.

No. A-6205. Opinion Filed June 9, 1928.
(267 Pac. 1057.)

216

W. W. Holloway, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Okmulgee county upon a charge of transporting intoxicating liquors jointly with Homer Hart. A separate trial was had, and defendant was convicted and sentenced to imprisonment in the county jail for a term of 6 months and to a pay a fine of $500. Motion for new trial was filed, considered, and overruled, and exceptions saved. From the judgment and sentence the defendant has appealed to this court.

The state, to sustain the charge, called the following witnesses who testified in substance as follows: C. W. Boots testified that he was a deputy sheriff on the 27th day of April, 1925; that between sundown and dark, in company with George Loots, he went out south of Henryetta to where the roads cross, and stopped about 75 or 100 yards from the south road going out; that the defendant, in company with Homer Hart, came down over the hill and before they came to where the witnesses were they turned east; the witness and the party with him took after them and traveled about a quarter of a mile or better and stopped them, and I asked Homer Hart what he had in the jar that was on the seat by him, and he said, "Whisky." We looked them over, and they had better than seven gallons. Tom Murry, Homer Hart, and Brannon were in the car; they

were going toward Heneryetta; it was Homer Hart's car.

On cross-examination the witness stated the car in which they found the whisky belonged to Homer Hart. I don't know whose whisky it was; they were all in the car; I did not know they had any whisky in the car until we drove up to it; the car was still going; I saw a jar on the seat.

George Loots, a witness for the state, testified in substance to the same as witness Boots, as to having seen the parties on the road and catching up with their car and finding the whisky in the car; Hart said he bought the whisky but he did not say where, and paid his money for it.

On cross-examination the witness admitted they did not know there was any whisky in the car in which the defendant was riding until they drove up beside the car. "There was a half gallon fruit jar setting up where we could see it; Boots said, 'What you got, whisky?' and they said, 'Yes.' The first time we discovered there was whisky in the car was when he stopped it coming up by the side of it."

The defendant, Tom Murray, called as a witness in his own behalf, admitted that he, Homer Hart, and Brannon were in the car at the time the officers overtook the car and stopped it; that he made the trip with Homer Hart down about three or four miles south of Henryetta by invitation; that he did not buy any whisky that time and had nothing to do with the whisky; that the car in which he rode belonged to Homer Hart; that the whisky in the car was under the control of Homer Hart; and that he was only riding in the car by invitation from Homer Hart and had nothing whatever to do one way or another with the whisky.

The foregoing is in substance all of the testimony on behalf of the state and the defendant.

The defendant urges as grounds for reversal of this case several errors alleged to have been committed by the trial court, and especially alleges that the court erred in overruling motion of the defendant for a new trial, and that the trial court erred in permitting the state, over the objection of the defendant, to introduce testimony that was incompetent, irrelevant, and immaterial.

The record shows that the defendant was in company with Homer Hart and that in the car in which the defendant and others were traveling was seven gallons of whisky. All the testimony shows that the car was owned by Homer Hart, and the defendant's testimony, and the state's, tends to show that Homer Hart bought the whisky and paid for it from his own funds. It is not disputed that the defendant knew there was whisky in the car, and that he was riding in the car where the whisky was being transported.

The question as to whether the car was searched by the officer lawfully or unlawfully cannot be raised by the defendant, as he claimed no ownership in the car. It is true the county attorney was permitted to propound questions to the defendant on cross-examination that were immaterial to the issues in the case and tended to bring out facts prejudicial to the rights of the defendant. The testimony in this case is sufficient to warrant the jury in rendering a verdict of guilty against the defendant, but, taking all the facts into consideration, and the manner in which the trial was conducted, we are of the opinion that the punishment imposed is excessive and that justice requires a modification of the judgment and sentence from a fine of $500 and 6 months' imprisonment to a fine of $200 and 3 months' imprisonment; and as so modified the judgment is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.